IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS

CLIFFORD MASON, 1836903, )
    Petitioner, )
    )
v. )   No. 3:13-CV-4251-G
    )
WILLIAM STEPHENS, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
    Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

### II. Background

On December 19, 2012, Petitioner pled guilty to two cases of aggravated robbery with a deadly weapon. *State of Texas v. Clifford Mason*, Nos. F-1224339 and F-1224377 (363rd Dist. Ct. No. 4, Dallas County, Tex., Dec. 19, 2012). He was sentenced to eight years in prison on each conviction, to run concurrently. Petitioner did not file a direct appeal.

On May 16, 2013, Petitioner filed a state habeas petition challenging each conviction. *Ex*

*parte Mason*, Nos. 79,704-01, -02. On July 3, 2013, the Texas Court of Criminal Appeals denied the petitions without written order. On July 12, 2013, Petitioner filed two more state habeas petitions. *Ex parte Mason*, 79,704-03, -04. On September 25, 2013, the Texas Court of Criminal Appeals dismissed the petitions as successive.

On October 17, 2013, Petitioner filed this federal petition for habeas relief. He argues:

1. The evidence was insufficient to support the convictions; and

2. He received ineffective assistance of counsel when counsel:

    (a) failed to challenge the sufficiency of the evidence;

    (b) failed to investigate the case;

    (c) failed to contact his witnesses;

    (d) failed to present favorable evidence; and

    (e) failed to give correct advice.

On February 20, 2014, Respondent filed his answer. Petitioner did not file a reply. The Court finds the petition should be denied.

### III. Discussion

#### A. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

>  Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

**B.  Procedural Bar**

Respondent argues that Petitioner's claims are procedurally barred because the state courts dismissed Petitioner's claims as procedurally defaulted.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

In this case, although Petitioner raised his insufficiency of the evidence claims in his first

two state habeas petition, he did not raise this claims on direct appeal or in a petition for discretionary review. The state court found the claims procedurally barred because an insufficiency of the evidence claim must be brought in a petition for discretionary review and is not cognizable on habeas review. *Ex parte Mason*, Nos. 79,704-01 and 02 at 32; *See also West v. Johnston*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996) (stating claim of insufficiency of the evidence is not cognizable on state habeas review); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (same).

The state court also dismissed Petitioner's ineffective assistance of counsel claims as procedurally barred because Petitioner failed to raise these claims in his first two habeas petitions. Petitioner did not raise these claims until his third and fourth habeas petitions. Consequently, the state court found his third and fourth habeas petitions successive.

Petitioner has stated no cause for his failure to properly raise his claims in state court. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on his claims.

**RECOMMENDATION**:

The Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 19 day of June, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).